**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **ARMSTEAD JOHNSON,** | ) | **Civil Action No. 7:20-cv-00717** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **HAROLD CLARKE, et al.,** | ) | **Chief United States District Judge** |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Armstead Johnson, a Virginia inmate proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983.  After the court's dismissal of some defendants, the remaining claims in the case are Eighth Amendment claims that defendants Dr. Ohai and Nurse Bland were deliberately indifferent toward an injury to Johnson's Achilles heel, which ultimately required two surgeries. The court directed service of the complaint on those defendants, who have filed a motion to dismiss.  Johnson recently filed a brief motion for preliminary injunction, ECF No. 35.  For the reasons set forth herein, that motion will be denied.

Johnson's  motion lacks factual detail and makes general requests for relief.  The motion asks the court to order defendants "to stop treating inmates with the less efficacious treatment plans" and "uphold [their] 'Hippocratic oath' to treat inmates" without giving in to pressure to save money.  ECF 35 at 2.  He also asks the court to prohibit defendants from working at Buckingham Correctional Center ("BCC") because of his complaint "and past history and legal action" against them.  Id.  He provides no supporting affidavit, his amended complaint is not verified, and his original, verified complaint, contains virtually no detail about his allegations.

Preliminary injunctive relief is an "extraordinary" remedy that courts should grant only "sparingly."  Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991).

The party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 22 (2008); League of Women Voters of N.C. v. North Carolina, 769 F.3d 224, 249 (4th Cir. 2014).  The remedy may be granted only on a "clear showing" of entitlement to relief.  Winter, 555 U.S. at 22.  Critically, the movant must satisfy all four requirements to obtain preliminary injunctive relief.  Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 345–46 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010).

Upon review of the record, the court concludes that Johnson has not met the standard for obtaining preliminary injunctive relief.  First of all, a request for an injunction must seek specific relief; thus, injunctive relief in the form of telling defendants not to violate inmates' rights or to provide adequate medical treatment is too vague and conclusory to be included in an injunction.  See Fed. R. Civ. P. 65(d) (requiring every injunction to "state its terms specifically" and to "describe in reasonable detail . . . the act or acts restrained or required"); see also City of New York v. United States Dep't of Def., 913 F.3d 423, 431 (4th Cir. 2019) (noting that "obey the law" injunctions are disfavored).   Moreover, in the context of prison conditions, 18 U.S.C. § 3626 requires that any prospective injunctive relief "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs."  Thus, "[t]he court shall not grant or approve any prospective relief unless the court finds that such is narrowly drawn."  18 U.S.C. § 3626.  Under these standards, Johnson's request for relief—a request that defendants provide adequate treatment, refrain from violating Johnson's constitutional rights,

and be prohibited from working at BCC—are either not specific enough or not sufficiently narrow as related to the facts of this case.

Even if the relief requested were more narrowly tailored, though, nothing in Johnson's motion identifies treatment that he is currently not receiving that he believes he should be. His verified original complaint, which has since been superseded, he alleges that after plaintiff had a surgery on his Achilles heel in November 2019, there was a delay of several days in which he was not provided the appropriate medication required by his surgeon. He alleges that the failure led to an infection requiring a new surgery, and that to this day he is having issues with walking normally. So, he alleges continuing effects from the past alleged failure by defendants, but nowhere in any sworn document does Johnson aver that he is currently being denied appropriate treatment. His unverified amended complaint contains the statement that he has an "ongoing issue with the pain, drainage, [and] blood" and that he is being denied requests to "revisit the hospital or his surgeon" to find out why his Achilles heel isn't healing correctly. Am. Compl. 8, ECF No. 14. It appears, based on the entire complaint, that he is alleging Dr. Ohai is not referring him to outside treatment providers. See generally id.

Despite these general statements, the record does not reflect any request for specific injunctive relief, nor does the record provide any evidence—or even allegations—that he is likely to suffer harm that is "neither remote nor speculative, but actual and imminent" in the absence of an injunction. Direx Israel, Ltd., 952 F.2d at 812. Because he cannot make that showing, he cannot establish at least one of the requirements for obtaining preliminary injunctive relief. Accordingly, his motion must be denied.

3

## CONCLUSION AND ORDER

For the foregoing reasons, Johnson's motion, ECF No. 35, is **DENIED**.  The Clerk shall send a copy of this memorandum opinion and order to Johnson and to all counsel of record.

It is so **ORDERED**.

Entered:  August 3, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.08.03 17:19:19
-04'00'

Michael F. Urbanski
Chief United States District Judge