THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ARMSTEAD JOHNSON,**       ) | Civil Action No. 7:20-cv-00717 |
| Plaintiff,       ) | |
|       ) | |
| v.       ) | |
|       ) | By: Michael F. Urbanski |
| **DR. PAUL OHAI, M.D., et al.,**       ) | Chief United States District Judge |
| Defendants.       ) | |

## MEMORANDUM OPINION AND ORDER

Armstead Johnson, a Virginia inmate proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983. After the court sua dismissed some defendants, the remaining defendants—Dr. Ohai and Nurse Bland—were served. They filed both an answer and a motion to dismiss. Their motion to dismiss, which seeks only to dismiss official-capacity claims against them, is fully briefed and ripe for disposition. As discussed below, the motion to dismiss, ECF No. 24, will be granted as to the official-capacity claims for damages, but denied as to any official-capacity claims for prospective injunctive relief.

In their motion, defendants correctly note that a plaintiff may not recover damages against state officials sued in their official capacities. Such claims are considered claims against the state, and the state has Eleventh Amendment immunity from suit. Will v. Dep't of State Police, 491 U.S. 58, 66 (1989). Thus, state officials acting in their official capacities are not considered "persons" under § 1983. Id. at 71.

There is a limited exception, however, that allows official-capacity claims against state officials under § 1983 where a plaintiff seeks prospective injunctive relief. Will, 491 U.S. at 71 n.10 (noting the exception, first recognized in Ex parte Young, 209 U.S. 123 (1908)). Construing the facts in the complaint and reasonable inferences therefrom in Johnson's

favor, as it must on a motion to dismiss, Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014), Johnson arguably alleges that he continues to be denied medical treatment. In particular, he complains about continued "pain, drainage, [and] blood," to his Achilles heel, and he alleges that he continues to be denied the opportunity to revisit a hospital or his surgeon to find out why it is not "healing correctly." Am. Compl. 8, ECF No. 14. Accordingly, the court cannot conclude, based solely on the amended complaint, that the Ex parte Young exception is inapplicable.

## CONCLUSION AND ORDER

For the foregoing reasons, defendants' motion to dismiss, ECF No. 24 is **GRANTED IN PART and DENIED IN PART**. All official-capacity claims for damages against defendants are hereby **DISMISSED,** but claims for prospective injunctive relief will remain in the case. Additionally, pursuant to Standing Order 2020-16, defendants are hereby **DIRECTED** to file a motion for summary judgment supported by affidavits not later than forty-five days after entry of this order. In the event that defendants elect not to file a summary judgment motion, they shall file a notice so stating, and the case will be set for trial.

The Clerk shall send a copy of this memorandum opinion and order to Johnson and to all counsel of record.

It is so **ORDERED**.

Entered: August 3, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.08.03 16:32:16
-04'00'

Michael F. Urbanski
Chief United States District Judge