IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ARMSTEAD JOHNSON,              ) | |
|     Plaintiff,              ) | Case No. 7:20-cv-00717 |
| )                                  | |
| v.                                 ) | |
| )                                  | By: Michael F. Urbanski |
| DR. PAUL OHAI, M.D., et al.,    ) | Chief United States District Judge |
|     Defendants.           ) | |

## MEMORANDUM OPINION

Armstead Johnson, a Virginia inmate proceeding pro se, filed this civil rights action against Dr. Paul Ohai and Nurse D. Bland, alleging that he was denied adequate medical treatment while incarcerated. For the following reasons, the case will be dismissed without prejudice for failure to comply with prior orders.

## Background

On September 17, 2021, the defendants filed a motion for summary judgment. Three days later, the Clerk mailed a notice advising Johnson that he had twenty-one days to submit any affidavits or other relevant evidence in response to the motion. See ECF No. 44. The notice included the following warning:

> If Plaintiff does not respond to Defendant's pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what Defendant states in their responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.

Id. (emphasis in original).

Johnson did not respond to the defendants' motion within the time period set forth in the Clerk's notice. Instead, he filed a motion for appointment of counsel. That motion was denied on May 13, 2022, and Johnson was directed to file a response to the defendants' motion for summary judgment within twenty-one days. See ECF No. 58. He was expressly warned that "failure to file a response will result in the dismissal of this action without prejudice." Id. at 2. The twenty-one-day period has expired, and the court has received no further filings from Johnson.

## Discussion

"The Federal Rules of Civil Procedure recognize that courts must have authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Given the inherent judicial authority to make such dismissals, a court may, in appropriate circumstances, enter such a dismissal sua sponte, even absent advance notice of the possibility of dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (internal quotation marks and citation omitted). The propriety of an involuntary dismissal ultimately depends on the particular circumstances of the case. Ballard, 882 F.2d at 95.

Under the circumstances presented here, the court finds that dismissal is appropriate. The defendants' motion for summary judgment was filed several months ago. Despite receiving an extension, Johnson has not responded to the motion. He was expressly warned on two occasions that failing to respond to the defendant's motion within the time provided would be cause for dismissal of the action without prejudice. Consequently, Johnson's

noncompliance warrants dismissal. See Ballard, 882 F.2d at 96 (finding that dismissal was the appropriate sanction where the pro se litigant disregarded a court order despite being warned that failure to comply would result in dismissal).

## Conclusion

For the reasons stated, this case will be dismissed without prejudice for failure to comply with prior orders. An appropriate order will be entered.

Entered: June 21, 2022

*Digitally signed by Michael F. Urbanski   Chief U.S. District Judge*
*Date: 2022.06.21 16:04:15 -04'00'*

Michael F. Urbanski
Chief United States District Judge